UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-cv-20074-KING

BACARDI U.S.A., INC.,

    Plaintiff,

v.

EMPIRE MERCHANTS, LLC,
CHARMER INDUSTRIES, INC. d/b/a
THE CHARMER SUNBELT GROUP,
SUNBELT HOLDING, INC. d/b/a
THE CHARMER SUNBELT GROUP, and
BREAKTHRU BEVERAGE GROUP, LLC f/k/a
THE CHARMER SUNBELT GROUP,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL WITHOUT PREJUDICE

THIS MATTER comes before the Court upon Defendant EMPIRE MERCHANTS, LLC's Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (the "Motion") (DE 30), which was filed on February 12, 2016.[1] In the Motion, Defendant argues that Plaintiff has not pled the existence of a case or controversy.

### I. BACKGROUND

The following facts are alleged in the Amended Complaint, which the Court accepts as true for the purposes of the Motion. On October 1, 2010, Defendant and Plaintiff began a business relationship in which Defendant served as the distributor of

---

[1] Plaintiff BACARDI U.S.A., INC. filed a Response in Opposition to the Motion on February 29, 2016. DE 35.

1

Plaintiff's products in the state of New York. When Defendant placed purchase orders, Plaintiff sent confirmations stating that the purchase was subject to certain terms and conditions.[2] In the summer of 2015, Plaintiff notified Defendant that it would be selecting new distributors and invited Defendant to enter into the bidding process.[3] Defendant's parent company agreed to participate in the bidding process, submitted an intent to bid form, and agreed to the form's terms and conditions. On September 29, 2015, Plaintiff notified Defendant that it was terminating their business relationship effective March 31, 2016.

Plaintiff brought this action against Defendant on January 7, 2016, alleging seven counts: Count I - Declaratory Judgment Act Claim for No Damages from Termination of Business Relationship; Count II - Declaratory Judgment Act Claim for No Violation of the Request for Proposal Agreement; Count III - Declaratory Judgment Act Claim for No Violations of Section 1 of the Sherman Act; Count IV - Declaratory Judgment Act Claim for No Violations of Section 2 of the Sherman Act; Count V - Declaratory Judgment Act Claim for No Violations of the Robinson-Patman Act; Count VI - Declaratory Judgment Act Claim for No Violations of Section 3 of the Clayton Act; Count VII – Declaratory Judgment Act Claim for No Cognizable Claims Under Section 4 or 16 of the Clayton Act.

---

[2] Plaintiff refers to these terms and conditions as the "Master Terms and Conditions."
[3] Plaintiff refers to this procedure as the "Request for Proposal" process.

2

## II. LEGAL STANDARD

In deciding a motion to dismiss, the Court must accept a complaint's allegations as true and construe them in the light most favorable to the Plaintiff. *See M.T.V. v. Dekalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1156 (11th Cir. 2006). "In analyzing the sufficiency of the complaint, [the Court] limit[s] [its] consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must contain short and plain statements of the grounds for the court's jurisdiction, the cause of action, and the relief sought. Fed. R. Civ. P. 8(a). Under the heightened pleading standards set forth by the Supreme Court in *Bell Atl. Corp. v Twombley*, 550 U.S. 544 (2007) and *Ashcroft v Iqbal*, 556 U.S. 662 (2010), there must be "enough facts to state a claim to relief that is plausible on [the] face" of the complaint. *Twombley*, 550 U.S. at 570. A plaintiff must plead sufficient facts to show relief and "more than labels and conclusion . . . a formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. ANALYSIS AND DISCUSSION

At its inception, there was concern that the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., would expand the power of the judiciary past Article III's purview of cases or controversies. *See, e.g.,* The Constitutionality of the Proposed Federal Declaratory Judgment Act, 38 Yale L.J. 104 (1928). These concerns proliferated even though the Act's own language limited its application to "a case of actual controversy." 28 U.S.C. § 2201(a). The Supreme Court held for the first time in the case of *Aetna Life*

*Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227 (1937) that the Declaratory Judgment Act was constitutional insofar as it was procedural, providing remedies and defining procedure in relation to cases or controversies justiciable under Article III.[4] *Haworth*, 300 U.S. at 240. In a later opinion, Justice Murphy articulated the benchmark standard used to ascertain the existence of a case or controversy in a declaratory judgment action. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* Jurisdictional questions arise if the party bringing the declaratory judgment action imagines the controversy to exist without basis in manifest fact:

> "The party who invokes a federal court's authority must show, at an 'irreducible minimum,' that at the time the complaint was filed, he has suffered some actual or threatened injury resulting from the defendant's conduct, that the injury fairly can be traced to the challenged action, and that the injury is likely to be redressed by favorable court disposition."

*Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995) (citations omitted).

The Amended Complaint in this case does not contain any facts suggestive of an actual or threatened injury resulting from Defendant's conduct. Rather, it concludes that a dispute exists "based on past experience" and "information and belief" so that "to require

---

[4] The use of the word "actual" to describe controversies falling within the scope of the act was found to be of emphasis.

[Plaintiff] to await suit by [Defendant] would be a needless formality." DE 5 at 2, 7, 9 10, 12-15. In response to the Motion, Plaintiff clarifies that other terminated distributors often litigate in similar circumstances. However, speculation based on the dealings of other individuals "does not present a concrete case or controversy." *Atlanta Gas Light*, 68 F.3d at 415. Similarly, Defendant's decision to remain mum about future lawsuits does not create a current case or controversy; a case or controversy is created by affirmative conduct and a declaratory judgment action may not be used "as an anticipatory maneuver designed to preempt whatever actions" may be taken in the future. *Id.* On the contrary, the pleadings and the record suggest the absence of an actual or threatened injury. Plaintiff's Notice of Pending, Refiled, Related or Similar Actions and/or Motion to Transfer states that certain "terminated distributors may ultimately decide to amicably wind down their distribution of Bacardi Products, rather than pursuing litigation." DE 7 at 4. Defendant attaches to the Motion a letter from Plaintiff's President dated the day after the case was filed:

> "[Plaintiff] anticipates a smooth and amicable transition of the services. However, as a precautionary measure to protect its interests, [Plaintiff] has filed declaratory judgment actions in the Southern District of Florida and in Miami-Dade State Court to confirm [Plaintiff's] rights to terminate our relationship. It is [Plaintiff's] hope that these actions will not be necessary and [Plaintiff] is willing to dismiss these lawsuits if the parties are able to amicably achieve a swift and efficient transition and an agreement that there will be no litigation regarding the termination or transition to a new distributor and broker."

DE 30-1 at 2-3. This letter tends to show that, at the time of the filing of the Complaint, Defendant's conduct had not resulted in actual or threatened injury.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is **ORDERED and ADJUDGED and DECREED** that Defendant's Motion to Dismiss **(DE 30)** be, and the same is, hereby **GRANTED**. Plaintiff's Amended Complaint **(DE 5)** is **DISMISSED without prejudice**. All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 9th day of March, 2016.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record